IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00128-RLV
(5:00-CR-00046-RLV-2)

| | | |
|---|---|---|
| BRYON KEITH LATTIMORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals

for the Fourth Circuit. (Doc. No. 15).

## I.     BACKGROUND

On March 1, 2002, Petitioner was convicted on one count of conspiracy to possess with

intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and

841(b). Petitioner was sentenced to a term of life imprisonment. (5:00-CR-00046, Doc. No. 149:

Judgment in a Criminal Case at 1-2).[1] Petitioner, along with his co-defendants, filed an appeal

from their judgments to the United States Court of Appeals for the Fourth Circuit.[2] The Fourth

Circuit, in a per curiam opinion, rejected each of Petitioner's arguments and affirmed his

criminal judgment in all respects. United States v. Waddell, 62 F. App'x 491 (4th Cir. filed Apr.

11, 2003) (unpublished). (Doc. No. 173). Petitioner did not file a petition for a writ of certiorari

---

[1] The Government served Petitioner with a timely notice of its intention to seek enhanced penalties, pursuant 21
U.S.C. § 851, based on three prior convictions for possession with intent sale and deliver cocaine and one conviction
for possession of cocaine. All of the convictions were sustained in North Carolina state court between 1995 and
1999. (Doc. No. 5: Section 851 Notice).

[2] In the consolidated appeal, the case was given the name of Theodore Thomas Waddell, the lead defendant named
in the indictment.

with the Supreme Court of the United States.

On August 20, 2012, the Clerk docketed Petitioner's pro se § 2255 motion. In the motion, Petitioner argued that he was entitled to relief based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Court held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Following an initial review of his § 2255 motion, this Court denied relief after finding that the motion was untimely and that in any event, the Fourth Circuit's opinion in United States v. Powell, 691 F.3d 554 (4th Cir. 2012) precluded relief. See id. at 560-61 ("Because the Supreme Court's decision in [Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010)] at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.").

On March 11, 2013, Petitioner, by and through counsel, filed a motion to reconsider the

2

Court's order denying relief. (Doc. No. 10).[3] Petitioner argued that he was entitled to have his

sentence vacated and to be resentenced based on the holdings in Carachuri-Rosendo and United

States v. Simmons, among other cited authority. Petitioner noted that at the time he was

sentenced his prior state drug convictions were properly classified as felonies under then-existing

Circuit precedent. However, Petitioner argued that in light of subsequent decisions, Simmons in

particular, Petitioner maintained that his prior state drug offenses are no longer considered

felonies and therefore the use of the prior offenses cannot serve as a valid, predicate offenses to

support his life sentence. The Court reconsidered its previous decision based on the entry of

counsel on behalf of Petitioner, but ultimately denied relief after again concluding that Fourth

Circuit precedent precluded relief. The Court also denied Petitioner's alternative claims for relief

under 28 U.S.C. § 2241, and the petitions for a writ of coram nobis and audita querela.

Petitioner filed a notice of appeal and the Fourth Circuit held the appeal in abeyance

pending resolution of the appeal in Miller v. United States, No. 13-6254 (4th Cir. Apr. 17, 2013)

(Doc. No. 14), and the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151

(2013). On August 21, 2013, the Fourth Circuit decided Miller v. United States, ___ F.3d ___,

2013 WL 4441547 (4th Cir. 2013), and on October 29, 2013, the Fourth Circuit entered an Order

granting the parties' joint motion to remand the case to this Court for further reconsideration in

light of the Court's decision in Miller.

---

3 This district appointed the Federal Defenders of Western North Carolina to represent
defendants convicted in this district to determine if they might be eligible for post-conviction
relief based on the Fourth Circuit's en banc decision in United States v. Simmons. See (3:12-mc-
92: Order of Appointment, filed May 22, 2012).

## II.  DISCUSSION

### A.  Miller v. United States

In Miller, the Fourth Circuit considered a claim of actual innocence in a § 2255

proceeding where defendant Miller had been convicted of being a felon-in-possession of a

firearm, in violation of 18 U.S.C. § 922(g). The grand jury in the Western District indicted Miller

for the § 922(g) offense after finding that he had been convicted of felony in state court in North

Carolina that was punishable by more than one year in imprisonment under federal law. The

record before the district court demonstrated that Miller had previous convictions in North

Carolina for felony possession of cocaine, and the felony offense of threatening a court officer.

Petitioner was sentenced to a term of 6 to 8 months' imprisonment for each conviction.

In 2008, Miller was convicted in this district of a single 922(g) offense and he did not

appeal his conviction. Rather, some four years later Miller filed a § 2255 motion contending that

in light of Simmons he was actually innocent because he did not have valid prior convictions for

which he could have been sentenced to more than one year in prison. Consequently, as Miller

argued, he had no prior felony which could support a charge of violation of 18 U.S.C. § 922(g),

let alone a conviction.[4]

The Court noted that at the time Miller was sentenced, his prior state convictions were

properly classified as felonies under then-existing precedent. Id. at *2 (citing Harp v. United

States, 406 F.3d 242, 246 (4th Cir. 2005)). However, the Court explained that the intervening

decision in Simmons had expressly overruled Harp by holding that whether a prior conviction

actually serves as a felony, and exposes a defendant to in excess of one year imprisonment, can

---

[4] "What constitutes a conviction [of a crime punishable by imprisonment for a term exceeding one year] shall be
determined in accordance with the law of the jurisdiction where the proceedings were held." See Miller v. United
States, 2013 WL 4441547, at *3 (quoting 18 U.S.C. § 921(a)(20)).

only be determined by examining the individual defendant before the sentencing court, and not a hypothetical defendant with the worst possible criminal record. Id. at *2-3 ("In Simmons, this Court held that a defendant's prior conviction for which he could not have received more than a year in prison under North Carolina's mandatory Structured Sentencing Act (SSA) was not 'punishable' by more than one year in prison and is not a felony offense for purpose of federal law.") (Simmons, 649 F.3d at 243). The Court found that in applying the provisions of the SSA, the maximum sentence of imprisonment that Miller actually faced for either conviction was eight months based on his prior criminal record. Id. at *1 (citing N.C. Gen. Stat. § 15A-1340.17(c), (d)). The Court therefore noted that Miller, who had not been convicted of an offense for which he personally could have been sentenced to in excess of one year, did not appear to have the predicate conviction to support his § 922(g) charge.

The Court next examined whether Miller was entitled to the retroactive application of the Court's en banc decision in Simmons. The Court found that "Simmons did announce a substantive rule when it applied Carachuri's principles and then narrowed the class of offenders and range of conduct that can be subject to punishment." Miller, 2013 WL 4441547, at *5. The Court then concluded that the substantive rule announced in Simmons is retroactive to cases on collateral review. Miller's § 922(g) conviction was therefore vacated and his case was remanded to the district court with directions that his § 2255 motion to vacate his conviction be granted.

B.    Petitioner's Section 2255 Proceeding

Following remand, this Court entered an order seeking the Government's position on Petitioner's claim for relief and the Government has filed a timely response. The Government has specifically agreed to waive the one-year statute of limitations under § 2255(f) in this case. The Response notes that the one-year time limitation is normally an affirmative defense which

the Government must plead. (5:12-CV-00128, Doc. No. 19). The Court observes that if the Government chooses to intentionally waive this defense then district courts are not simply free to ignore such a decision. See Wood v. Milyard, 132 S. Ct. 1826, 1834-35 (2012) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting Kontrick v. Ryan, 540 U.S. 443, 458 n.13 (2004) (internal citation omitted). The Court finds that the Government has made a knowing and deliberate waiver of this limitation defense. Accordingly, the Court will proceed to consider the merits of Petitioner's claim and the Government's response thereto.

The parties agree that based on the current legal landscape, Petitioner's prior drug convictions do not qualify him for the recidivist enhancement applied pursuant to 18 U.S.C. § 851. See (Doc. Nos. 19 and 20). See also (Doc. No. 19: Government's Answer at 6-7) (citing Hicks v. Oklahoma, 447 U.S. 343 (1980) (finding that a defendant's rights under the due process clause are violated when a sentencing court is erroneously deprived of discretion in fashioning an appropriate sentence).

The Court finds that based on the express holding in Miller, and noting the consent of the Government, the Petitioner is entitled to relief in this collateral proceeding. For the reasons stated herein, and in accordance with the Fourth Circuit's mandate, the Court finds that Petitioner's motion to vacate should be allowed.

### III.  CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 is **GRANTED**.

2. This Order vacating Petitioner's sentence of imprisonment shall be **STAYED** pending the entry of an amended judgment upon resentencing.

3. All remaining provisions of Petitioner's criminal judgment shall remain

unchanged pending further orders of this Court. (5:00-cr-00046, Doc. No. 149).

4.      Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

5.      The U.S. Probation Office shall prepare a Supplemental Presentence Report in advance of Petitioner's resentencing hearing and file the same in the criminal case.

6.      The Federal Defenders of Western North Carolina shall represent Petitioner for the purpose of the resentencing hearing.

7.      The Clerk of Court shall coordinate the date of the resentencing with Chambers.

8.      The Clerk's Office shall notify the Petitioner, the U.S. Attorney, the Federal Defenders of Western North Carolina, the U.S. Marshals Service, and the U.S. Probation Office of the date of the resentencing hearing.

9.      The parties shall file sentencing memoranda no later than two (2) weeks prior to the resentencing hearing.

The Clerk of Court is directed to certify copies of this Order to the Petitioner, the Federal Defenders of Western North Carolina, the U.S. Attorney, the U.S. Marshals Service, and the U.S. Probation Office.

**IT IS SO ORDERED.**

Signed: December 2, 2013

Richard L. Voorhees
United States District Judge

7